The plaintiffs had a bill of exchange drawn by a person resident in Wilmington, upon a house in Fayetteville, which they sent to the Branch Bank of Cape Fear at the latter place for collection. At the time (409) the bill was due the parties to it were insolvent, and the office at Fayetteville neglected to notify the drawer of its nonpayment.
The plaintiffs insisted that they had a right to recover the amount of the bill, but his Honor, Norwood, J., informed the jury that in estimating the damages of the plaintiffs they ought to take into consideration the insolvency of the parties to it.
A verdict was returned for the plaintiffs with nominal damages, and they appealed. *Page 333 
The plaintiffs left with the bank a bill of exchange for collection when it should become due, and if it should not be paid at maturity to notify the drawer thereof. This action is brought to recover damages for a breach of promise, in neglecting to demand payment and giving notice of nonpayment to the drawer, by means of which neglect the latter was discharged from his liability. There is no doubt but that the bank is liable to the plaintiffs as any other agent or bailee would have been, but it is liable in no other way. The plaintiffs are entitled to recover such damages as they have sustained by the defendant's breach of promise. The amount of the bill of exchange is not the criterion to govern the jury in assessing them, unless it appears that the plaintiffs had lost that amount of money by the misconduct of the defendant. The evidence that the drawer was insolvent was proper to be left to the jury. If it was probable that the drawer would again become solvent, by any chances or means whatever, the plaintiffs should have offered such testimony to the jury for the purpose of enhancing the damages. I think the judge was correct in his charge, and the case was properly decided. The judgment below must be affirmed.